IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Steven R. Isaac, | : | |
| Earl Gallegos, | | |
| and Richard Freeman, | : | Civil Action 2:11-cv-0450 |
| Plaintiffs | : | Judge Graham |
| v. | : | Magistrate Judge Abel |
| Ebix, Inc., | : | |
| Defendant | : | |

## Discovery Dispute Conference Order

On December 20, 2012, counsel for the parties appeared for a discovery dispute conference with the Magistrate Judge. During the conference, the following rulings were made.

<u>Background</u>. In late September 2009, plaintiffs Steven R. Isaac, Earl Gallegos, and Richard Freeman sold all the outstanding capital stock of Peak Performance Solutions, Inc. to Ebix. Peak developed and sold software to insurance companies and self-insured entities to process workers' compensation claims. The contract of sale provided that if Peak's billed revenues for 2010 were $6 million to $6.5 million, then there would be an additional payment of $1 million. If gross revenues exceeded $6.5 million, the additional payment would be $1.5 million. If gross revenues were below $6 million, there would be no additional payment. The amended complaint pleads that during 2009, Peak's gross revenue from software sales was in the neighborhood of $6 million. However, Ebix calculated that Peak's 2010 gross revenues from the sale of its software were about

$5,300,000.

Plaintiffs argue that Ebix interfered with Peak's ability to generate revenues by diverting customers to other Ebix entities and that Ebix's accounting practices reduced Peaks gross revenues. For example, plaintiffs argue that Ebix took assignment of Peak's intellectual property, then allowed other Ebix entities to use that intellectual property. Further, Ebix told Peak sales people they couldn't call on certain clients/customers.

<u>Auditor's work papers</u>. Ebix agreed to produce Cherry Bekaert & Holland's complete set of work papers for its 2010 audit of Peak. The production is without prejudice to plaintiffs' right to seek additional, relevant work papers not included in that production.

Very briefly, plaintiffs argue that the auditor's work papers for their audit of Ebix and all of Ebix's entities, including Peak, are relevant to the allegation that Ebix's accounting practices reduced Peaks' revenues. Plaintiffs assert that the Ebix entities filed a consolidated tax return and that there was a consolidated audit. Ebix counters that Peak's 2010 revenues were just 3.4% (or, perhaps, 4.8%) of Ebix's total revenues. Ebix maintains there was no consolidated audit for Peak. Only the audit of Peak is relevant to whether Ebix's accounting practices depressed Peak's revenues.

Ebix's counsel further represented that their client had provided plaintiffs with revenue by customer for 2009 and 2010; and Ebix will provide its sales for those years to identified customers.

I make no ruling on whether the auditor's work papers for Ebix and its other entities are relevant to contested material factual issues in this lawsuit.

Document Request No. 40. Plaintiffs seek 16 employees' files. Ebix agreed to produce those portions of those employees' personnel files that set out the reason(s) for their terminations from employment. If plaintiffs believe that the production is insufficient, counsel should meet and confer in an attempt to resolve the dispute. Failing to do so, they should call my office (614.719.3370) to schedule another discovery dispute conference. Before the conference, counsel should provide me with the communications between them regarding the dispute.

Document Requests Nos. 18-20. Plaintiffs seek documents relevant to whether Ebix has engaged in similar practices in the past that enabled it to avoid contractual obligations to pay an Earn-Out. Ebix argues that each contract having an Earn-Out provision is unique. However, the evidentiary issue is not whether all contractual terms were the same but whether these documents would be "some evidence" of Ebix's intent in adopting the practices it did when calculating plaintiffs' Earn-Out. I believe it could be, depending on the contractual terms and the practices engaged in. However, this issue is not yet ripe for decision. Counsel should continue their meet and confer to attempt to resolve this dispute.

s/Mark R. Abel
United States Magistrate Judge