IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven R. Isaac, *et al.*,              :

        Plaintiffs              :         Civil Action 2:11-cv-450

  v.                          :         Judge Graham

Ebix, Inc.,                             :         Magistrate Judge Abel

        Defendant              :

## Discovery Dispute Conference Order

On April 19, 2013, counsel for the parties appeared for a discovery dispute conference with the Magistrate Judge.

**Disputes not resolved during March 15, 2013 discovery dispute conference.**

Plaintiffs' Document Request No. 40. Plaintiffs seek termination information regarding 16 employees. During the April 19 conference, defendants' counsel said that the information would be produced April 22.

Plaintiffs' Requests for Production Nos. 18-20. During the conference, the parties were ordered to consult regarding these requests for production.

Raw Peachtree data for spreadsheet summarizing the Peachtree billing systems' data for prior sales. Peak used Peachtree billing through 2010.[1] Defendants provided plaintiffs' counsel with a manipulable spread sheet so they can do their own data analy-

---

[1] Ebix used a Peoplesoft data base. It entered Peak's data, kept on Peachtree software, into that data base.

sis. Defendants' counsel believed the data was already in the spreadsheet. If it is not, plaintiffs' counsel will advise defendants' counsel who will endeavor to produce it.

Ebix's 2008-09 accounting databases and a complete set of credit memos. Defendants' counsel said that the credits are on the spreadsheet. Credit memos were produced a week before the April 19 conference. Defendants will provide any missing credit memos.

Documents regarding calculation of the Earn Out. Plaintiffs argued that defendants could not rely solely on its auditor's papers to respond to their request for production of documents involving the calculation of the Earn Out. Defendants' counsel said they did not know what plaintiffs were seeking. Counsel were ordered to consult, with plaintiffs' counsel particularizing their request.

Plaintiffs seek Ebix's 2009 accounting database to reconcile Peak's deferred revenue. Plaintiffs' counsel argued that you cannot tell the 2010 beginning basis of the accounts without looking at 2009. Defendants' counsel argued that the accounting is done on an accrual basis, so there are some adjustments. Ebix's acquisition of Peak closed September 30, 2009. Defendants will provide the Peachtree data for the fourth quarter of 2009. It was ordered that defendants make that production without prejudice to plaintiffs right to renew the request after reviewing the fourth quarter data if they believe additional data is needed to determine the 2010 accounts beginning bases.

Ebix's discovery requests to plaintiffs. It is ORDERED that plaintiffs' counsel have their clients search for emails that refer to a spread sheet comparing Peak's sales

records with Ebix's records of Peak's sales and any analysis of them. Those spread sheets and related documents must be produced unless they are privileged.[2] If they have already been produced, plaintiffs' counsel must provide defendant's counsel with the Bates page numbers for the documents. Plaintiffs must formally respond to the document requests on or before **May 1, 2013** and, if privileged, provide a declaration of facts establishing the factual predicates for a claim of privilege.

Emails containing attachments, but attachments not produced. Defendants' counsel will identify these emails for plaintiffs' counsel within two weeks of April 19. Plaintiffs' counsel will go back and look at the emails to see if they did, indeed, have attachments. If so, they will be produced.

Mr. Isaac's health problems. Isaac ran the Peak division during all of 2010. Isaac had medial issues and was hospitalized during 2010. People have told defendant's counsel that Isaac was unavailable for work. Plaintiffs' counsel responded that Isaac had surgery in the fall of 2010. He was out of the office for 7-10 days. He will testify he took vacation time as well during those 7-10 days. He was in contact with his office during that time. It was ORDERED that defendants are free to identify the period of medical leave and provide a declaration under penalty of perjury of facts demonstrating difficulty communicating with Isaac regarding Peak's business. If that evidence indicates a business concern, plaintiff Isaac must bring his medical records to his deposition

---

[2]Plaintiffs' counsel said that these are communications among their clients summarizing advice given Isaac by his attorney.

for reference if needed.

Ebix's Interrogatory No. 7. The interrogatory seeks the identity of customers who ceased doing business with Peak or did less business with it because of something Ebix did and the identity of all persons who have knowledge of the facts demonstrating the above. It is ORDERED that plaintiffs' answer Interrogatory No. 7 by identifying all 2009 customers who ceased doing business with Peak during 2010 and identifying customers who purchased less product from it during 2010 because of communications from Ebix that in some way interfered with Peak's ability to sell product to the customer. Further, plaintiffs must identify each person having knowledge of facts establishing the above.

Mr. Isaac's email accounts. Plaintiff Isaac is ORDERED to identify each of his email accounts.

Other Ebix earn out agreements. Defendant's counsel said that there remains some dispute about his client's production. Defendant maintains that most of the entities were either paid an earn out or did not, but did not file suit.

s/Mark R. Abel  
United States Magistrate Judge